**FISCAL COURT OF JEFFERSON COUNTY, Kentucky, Appellant,**

v.

**S. J. STALLINGS, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

J. Bruce Miller, John G. Carroll, Louisville, for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

CATINNA, Commissioner.

The Fiscal Court of Jefferson County appeals from a judgment of the Jefferson Circuit Court, Chancery Branch, Third Division, setting aside a fiscal court order denying a proposed change in the zoning of a tract of land owned by S. J. Stallings.

Stallings' tract of approximately eighteen acres is located at the intersection of the Brownsboro Road and Herr Lane with the road and the lane extending along its boundary on two sides. It is surrounded by the Ballard High School, a farm belonging to the Kentucky Breeders Association, Graymoor Subdivision, the Thomas Jefferson Unitarian Church, the City of Cross Gate, and the Holiday Manor Shopping Center. The neighborhood zoning is predominantly low-density residential (R–4).

On November 21, 1968, Stallings filed an application with the Louisville and Jefferson County Planning Commission to have the tract rezoned from R–4 (low-density residential) to C–1 (commercial) and R–7 (high-density residential, apartments). The commission, after conducting hearings on December 5, 1968, and December 18, 1969, recommended that the entire tract be zoned R–7.

The fiscal court conducted its own hearing on February 5, 1970, which resulted in the adoption of a resolution by the fiscal court refusing to grant the application. Stallings appealed to the circuit court, claiming that the order of the fiscal court was not supported by substantial evidence and should be set aside.[1] The circuit court permitted the filing of additional exhibits and the taking of a deposition. The circuit court considered this newly introduced evidence along with other evidence in the record and concluded that the refusal of the fiscal court to rezone the tract was arbitrary and not supported by substantial evidence.[2] The fiscal court was also ordered to change the zoning of the tract to some classification other than R–4.

---

1. and 2. As hereinafter pointed out, this is not the proper test.

■ On appeal the circuit court was confined to the record made before the planning commission and the fiscal court. Consequently, the issue for decision was simply whether the action of the fiscal court was arbitrary in light of the record before it. City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971). In City of Louisville v. Kavanaugh, Ky., 495 S.W.2d 502 (1973), we said:

> " * * * Actually, the circuit court was confined to the record made before the planning commission and before the legislative body. Therefore, the issue for decision was simply whether the action of the legislative body was arbitrary in light of the record before it when its disposition was made."

The circuit court was not at liberty to consider additional exhibits and evidence in the absence of a claim of fraud or misconduct on the part of the fiscal court or its individual members.

■ The claim that the action of the fiscal court was arbitrary and not supported by substantial evidence arises out of an alleged failure of the fiscal court to afford Stallings a trial-type hearing comporting with the requirements of procedural due process. The hearing conducted by the fiscal court consisted of statements made to the court by counsel and interested parties. Counsel for Stallings made an extensive statement in support of the proposed zoning change. Stallings addressed the court, setting out in detail the reasons why rezoning of the tract was necessary. One of the directors of the planning commission urged the approval of the change in zoning as recommended by the commission. Approximately eleven individuals detailed to the court reasons why the zoning change should not be approved. Throughout the hearing Stallings and counsel were present and at liberty to question any of the parties appearing and to controvert the statements made. After all parties had been afforded an opportunity to be heard, counsel for Stallings was asked whether he had anything additional to offer. The fiscal court was informed: "We will submit it to the court upon what evidence was heard on direct." It, therefore, appears that the parties agreed that they had been afforded sufficient opportunity to develop the facts for the record. This procedure was sufficient to satisfy the type of hearing required by due process. Bellemeade Company v. Priddle, Ky., 503 S.W.2d 734 (1973).

■ Since the fiscal court refused to rezone, the test of arbitrariness in reviewing the evidence introduced before the planning commission and the fiscal court is not whether it is of sufficient substantiality to support the action of the fiscal court. Rather, the test is whether it shows a compelling need for the rezoning of the tract or clearly demonstrates that the existing zoning classification is no longer appropriate. In City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971), we said:

> " * * * If a legislative decision that affirmatively changes a zoning classification is made upon the basis of appropriate findings of either the commission or the legislative body, which are supported by substantial evidence adduced at the hearing, the legislative body's action will not be declared arbitrary. But when the legislative decision is simply a refusal to rezone, the problem becomes whether or not the evidence shows a compelling need for the rezoning sought or clearly demonstrates that the existing zoning classification is no longer appropriate."

Cf. Taylor v. Coblin, Ky., 461 S.W.2d 78 (1970).

■ We have reviewed the record of the proceedings had before the fiscal court and are of the opinion that the evidence did not so clearly demonstrate that the present zoning classification is so inappropriate as to require a rezoning. On the contrary, there was substantial competent

evidence that a zoning change was both inappropriate and unnecessary.

The judgment is reversed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, and STEPHENSON, JJ., concur.

STEINFELD, J., not sitting.