Dr. Phillip H. LANDGRAVE, Retta Davis Tusia, Kenneth V. Bohn, Barbara Abbott Bohn, Fiscal Court of Jefferson County, Mitch McConnell—Jefferson County Judge, Earl Hartlage—Member, Jefferson Fiscal Court, Sylvia Watson—Member, Jefferson Fiscal Court, Charles Horton—Member, Jefferson Fiscal Court, Louisville and Jefferson County Planning Commission, Appellants,

v.

R. Stephen WATSON, Richard J. Sherman and Thomas E. Sherman doing business as Steve Watson's Beverage Shoppe, Appellees.

Court of Appeals of Kentucky.

Aug. 24, 1979.

Rehearing Denied Oct. 19, 1979.

Discretionary Review Denied
March 4, 1980.

Retta D. Tusia, Rand E. Kruger, James T. Carey, Asst. County Atty., Alex F. Talbott, Louisville, for appellants.

F. Thomas Conway, Louisville, for appellees.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

MARTIN, Chief Judge.

These are consolidated appeals from a judgment of the Jefferson Circuit Court directing the Louisville and Jefferson County Planning Commission ("Planning Commission") and the Jefferson County Fiscal Court ("Fiscal Court") to grant a zone map amendment. Appellants in one appeal are the Planning Commission and the Fiscal Court; appellants in the other appeal are residents of the neighborhood affected by the proposed zoning change.

The property in controversy is located on the northeast corner of Barbour Lane and Old Brownsboro Road in what is known as the City of Barbourmeade. This property was zoned D–1 Commercial in 1943 and was later changed to C–1 Commercial. The Sun Oil Company erected a service station on the property while it was zoned commercial. In 1965 the City of Barbourmeade rezoned all of the property within its boundaries to R–2 Residential, and the service station was granted nonconforming use status at that time. In 1970 a Comprehensive Land Use Plan was adopted for all of Jefferson County. Jefferson County incorporated the R–2 Residential zoning for the City of Barbourmeade in its Comprehensive Plan, and the property in question retained its nonconforming use classification. Surrounding uses include a drycleaners, a convenience grocery store, and a service station. A Jefferson County elementary school is nearby. Single family residences and a country club occupy the balance of the surrounding land.

In January, 1977, the appellees, R. Sherman Watson, Thomas E. Sherman, and Richard J. Sherman, purchased the subject property from the Sun Oil Company. Repairs were begun to transform the service station into a liquor store. Subsequently the new owners were served with a cease and desist order by a zoning enforcement officer. The order was based on the belief that the nonconforming use of a service station could not be physically converted by the owners to a retail package liquor store. On appeal by the owners the order was upheld by the Board of Zoning Adjustment. The owners then appealed to the Jefferson Circuit Court where the action was dismissed. Finally, on July 6, 1979, this Court decided that a circuit court does not have jurisdiction to hear an appeal from the orders of boards of adjustment unless the Planning Commission is made a party, and it was not here. That appeal was dismissed.

On February 17, 1977, appellees filed an application with the Planning Commission requesting a change in zoning from R–2 Residential to C–1 Commercial in order to permit their intended operation of a retail package liquor store.

On April 21, 1977, a public hearing was held before the Planning Commission. At the hearing the Planning Commission received a staff report, slides of the property and surrounding neighborhood, heard arguments of counsel both for and against the proposed change, received petitions from residents in the area and listened to the positions of residents in attendance at the hearing. The Planning Commission unani-

mously adopted a resolution denying the application to rezone. On December 1, 1977, the Fiscal Court adopted the recommendations of the Planning Commission and denied the proposed change.

On appeal the Jefferson Circuit Court determined that the Planning Commission and Fiscal Court had acted arbitrarily, and entered an order overruling the decision of the Planning Commission and Fiscal Court. The court ordered the county to amend its zoning maps to reflect the requested change in zoning from R–2 Residential to C–1 Commercial.

Two issues are raised by these appeals. First, we are concerned with whether the circuit court was correct in holding that the Planning Commission and Fiscal Court acted arbitrarily by denying the zoning change. Second, if the circuit court properly found the actions of the Planning Commission and the Fiscal Court to be arbitrary, was it correct in directing a zoning map amendment?

■ The scope of the circuit court's inquiry in reviewing the action of a legislative body in a zoning case is limited. It can decide if the agency acted in excess of granted powers and if it afforded procedural due process to all parties. Important to this case is the recognized power of the court to determine if the legislative body has made a finding of adjudicative facts necessary to support the basis on which the zoning change is granted or denied, and whether those facts are supported by substantial evidence. Further, a de novo trial is impermissible. *See American Beauty Homes Corp. v. City of Louisville*, Ky., 379 S.W.2d 450 (1964); *City of Louisville v. McDonald*, Ky., 470 S.W.2d 73 (1971).

KRS 100.213 requires a finding of specific facts as a condition of granting a zone map amendment. Accordingly, appellees contend the necessary facts are present in this case. We agree that the property is not, and realistically never could be suitable for residential purposes, since it is paved and bound on one side by commercial structures. Appellees further maintain the record of the Planning Commission clearly establishes that major changes have taken place in the area so as to render the property worthless in its present residential classification. On this point we disagree. This argument ignores reasonable and available alternatives. The zoning ordinance for Residential Zoning Districts recognizes numerous nonresidential uses permissible in an R–2 zone such as churches, schools and clubs. Conditional uses, nonconforming uses and any "other uses of the same or more restrictive classification" provided in KRS 100.253(2) are also available in situations similar to this. The applicants failed to investigate all avenues open to them and sought only a zoning change.

■ When the Kentucky legislature revised the local land use plan in 1966 one of the most important improvements was an increased emphasis on comprehensive planning in the decision-making process of planning and zoning agencies. We believe the Planning Commission and Fiscal Court carefully considered and properly adhered to the principles announced in the local comprehensive plan.

Adherence to the comprehensive plan was not the only factor compelling the Planning Commission and Fiscal Court to deny the requested zoning change. Evidence against the proposed change contained in the Planning Commission record includes a petition signed by 406 residents opposing specifically the erection of a liquor store on the premises. As reasons for their opposition they state it would be too close to an elementary school, and it would create littering and loitering problems with the area's teenage population. They also argue it will add nothing to the general welfare of the neighborhood. Residential Principle No. 6 of the Comprehensive Plan states that residential areas should be protected from incompatible land uses. Minimizing the possibility of harmful environmental influences is a valid concern and was properly considered by the Planning Commission to be a further reason in favor of compliance with the Comprehensive Plan in this case. Further, there was evidence that since the commercial zoning in 1943 there has been relatively little com-

mercial construction in the area, while there has been tremendous residential growth.

In order to overrule the decisions of the Planning Commission and Fiscal Court based on arbitrariness, the court must find the evidence presented so compelling that they were required, as a matter of law, to make the findings set out in KRS 100.213. *Fiscal Court of Jefferson County v. Stallings*, Ky., 515 S.W.2d 234 (1974). Hardship on the owners of the liquor store is insufficient ground upon which to determine that the application to rezone was ordered arbitrarily.

We do not find that a compelling need for rezoning was demonstrated by the evidence presented to the Planning Commission in this case. On the contrary, we find the legitimate concerns of the residents opposing the specific type of structure proposed together with importance of compliance with the objectives of the Comprehensive Plan were sufficient to ensure that denial of the rezoning was not an arbitrary decision by the Planning Commission and Fiscal Court. The second issue raised need not be answered because the circuit court has no power to direct a zoning map amendment.

The circuit court was clearly erroneous in reversing the Planning Commission and Fiscal Court.

The judgment of the Jefferson Circuit Court is REVERSED.

All concur.