Florence VARNEY, Claude F. Justice, Homer Goff, Autum Rutherford, and Jack Coleman, Appellants,

v.

Flem VARNEY, Taylor Justice, Wayne Rutherford, Lee Roberts, Wade Justice, Individually and in Their Official Capacity Comprising the Pike County Fiscal Court, Pike County Fiscal Court, John Paul Blair, Individually and as Pike County Court Clerk, and Charles Keesee, Individually and as Pike County Sheriff, Appellees.

Court of Appeals of Kentucky.

Dec. 19, 1980.

Phil A. Stalnaker, Pikeville, for appellants.

Jim G. Vanover, Asst. Pike County Atty., Pikeville, for appellees.

Before HOWARD, HOWERTON and WINTERSHEIMER, JJ.

HOWERTON, Judge.

This appeal is from an order of the Pike Circuit Court dismissing a direct appeal from the Pike County Fiscal Court and a petition for a writ of prohibition. The Pike Circuit Court ruled that there was no longer any provision for a direct appeal to the circuit court from actions by a fiscal court and that it had no authority to grant a writ of prohibition. The appellants argue that judicial review should be available from actions by a county fiscal court culminating in the passage of a resolution affecting every property owner in the county.

On June 20, 1979, a petition was presented to the Pike Fiscal Court, and pursuant to KRS 173.720, the Pike County Public Library District was created. An ad valorem property tax of 2½ cents per $100 of property assessment was imposed. On August 22, 1979, the appellants filed a notice of appeal to the Pike Circuit Court alleging error in the resolution establishing the district. On October 1, 1979, the appellants filed their statement of appeal. On January 2, 1980, the appellants also filed a petition for a writ of prohibition alleging that they were prosecuting the writ pursuant to the same legal contentions and issues presented in the appeal, but should the appeal be an improper method for review, they would be entitled to the prohibition because they would have no other adequate remedy. The actions were consolidated and were dismissed on February 27, 1980.

■ KRS 23.030(1) formerly provided for such appeals. The statute was repealed following the legislature's removal of all judicial powers from the county fiscal courts. Appeals to the circuit courts now come from judgments in a district court pursuant to CR 72.

The petition for a writ of prohibition was filed pursuant to CR 76, which clearly applies only to practice and procedure before the Court of Appeals or the Supreme Court. The trial judge therefore correctly concluded that he had no authority to entertain the petition.

■ The appellants claim that great injustice will result from the dismissals and that no judicial review appears possible. The order of dismissal never held that a review of a fiscal court order was not available. The only thing the order determined was that the appellants had failed to file their action in a manner which could properly be heard. This might be done through any appropriate form of original action in the circuit court. The appellees suggest that even a class action would be possible pursuant to CR 23. The appellees suggested several other possible remedies, but we need not consider the appropriateness of any of them to this situation at this time. Original actions in the circuit court are available to review actions by a fiscal court. KRS 23A.010(1).

■ The appellants contend that they have been denied an appeal as is now required by § 115 of the Kentucky Constitution. We find no merit in this argument. Section 115 provides for appeals in a judicial action. The action by the fiscal court was a legislative action. The appellants' attempt to juxtapose § 115 of the Kentucky Constitution with KRS 23.030 and KRS 23A.010 with CR 76 is a plain example of the proverbial mixing of apples and oranges. The irreconcilability of these legal provisions does not deprive the appellants of a judicial review of the fiscal court action. They simply sought their relief with the wrong procedure.

The actions were properly dismissed, and the order of the trial court is affirmed.

All concur.