**TRIMBLE FISCAL COURT, Appellant,**

v.

**Frederick W. SNYDER, Jr.; Michael J. Snyder; and Frederick W. Snyder, III, Appellees,**

and

**OLDHAM FISCAL COURT, Appellant,**

v.

**Frederick W. SNYDER, Jr.; Michael J. Snyder; and Frederick W. Snyder, III, Appellees.**

Nos. 92–CA–000760–MR,
92–CA–002176–MR.

Court of Appeals of Kentucky.

Dec. 3, 1993.

Perry R. Arnold, Trimble County Atty., Bedford, for appellant/Trimble Fiscal Court.

John R. Fendley, Oldham County Atty., LaGrange, for appellant/Oldham Fiscal Court.

Irene P. Long, Bedford, for appellees.

Before McDONALD, STUMBO,[1] and WILHOIT, JJ.

## OPINION

STUMBO, Judge:

These appeals arise from a petition by Appellees, Frederick W. Snyder, Jr., Michael J. Snyder, and Frederick W. Snyder, III (hereinafter "Snyders") to close a portion of a county road, which runs through their property in Trimble County. Appellant, Trimble Fiscal Court, ordered the road to remain open. The Snyders filed an action in Trimble Circuit Court, which ordered the road closed after a trial de novo. After the Trimble Fiscal Court filed its notice of appeal to this Court, Appellant, Oldham Fiscal Court, sought to intervene. The circuit court denied the motion to intervene, and the Oldham Fiscal Court then filed its appeal. After reviewing the record and the law, we must reverse and remand.

The primary issue on appeal is the appropriate standard of review for a circuit court to employ when considering the actions of a fiscal court regarding the closing of a county road. The circuit court's jurisdiction is based upon KRS 23A.010(4), which provides:

The circuit court may be authorized by law to review the actions or decisions of administrative agencies, special districts or boards. Such review shall not constitute an appeal but an original action.

The action contemplated in KRS 23A.010 is authorized by KRS 178.100, which provides:

From a decision of the fiscal court ordering a new road to be opened, or ordering an alteration or discontinuance of an existing road, or allowing gates to be erected across a road or abolishing existing gates,

or a decision refusing any such order, the party aggrieved may bring an action in the circuit court to contest the decision of the fiscal court.

The Snyders argued, and the circuit court agreed, that an original action necessarily encompasses a trial de novo. Trimble Fiscal Court argues that review of its decision is limited to determining whether it was arbitrary or capricious.

 In order to determine the appropriate type of review, we must first analyze the nature of the Trimble Fiscal Court's action. Although the issues in City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971), involved zoning, the analysis therein regarding the nature of the local governing body's action is instructive. The former Court of Appeals (now Supreme Court) stated:

Here the local legislative body is not acting in a policy-making or law-making role, ... it rather is acting in an adjudicatory fashion to determine whether a particular individual by reason of particular facts peculiar to his property is entitled to some form of relief. Therefore, procedural due process requires at least that the local legislative body in rezoning matters act on the basis of a record and on the basis of substantial evidence.

We do not mean to say that when the local legislative body acts in a purported policy-making or law-making function as a result of having found legislative facts it is free to be "arbitrary." What we do mean to say, however, is that the concept of what is "arbitrary" is much more narrowly constricted in that event. In exercising the enumerated zoning procedures under KRS Chapter 100, when the local legislative body acts in a law-making or policy-making role with the result of such action generally applicable to all affected, its action is arbitrary if there is no rational connection between that action and the purpose for which the body's power to act exists. Where the existence of such ra-

1. Judge Stumbo concurred in this opinion prior to leaving this Court to accept election to the Kentucky Supreme Court.

tional connection is "fairly debatable" the action will not be disturbed by a court.

On the other hand, when the local legislative body is used as a vehicle not to make generally applicable law, rules or policy, but to decide whether a particular individual as a result of a factual situation peculiar to his situation is or is not entitled to some form of relief, then the so-called legislative body must act in accordance with the basic requirements of due process as are applicable generally. Judicial review in this particular situation to determine whether or not the action is "arbitrary" concerns itself with whether the basic elements of due process have been afforded including whether the action was based upon substantial evidence. To declare otherwise would sanction organized favoritism and perpetuate this anomaly: Constitutionally guaranteed freedom from arbitrary action applies only to recommendations and not to accomplished fact in rezoning cases.

Although we have not cast our discussion in terms of the separation of powers doctrine because to do so would be more confusing than helpful, it is, nevertheless, true that rezoning a parcel of property is intrinsically not a judicial function. Under *American Beauty Homes Corp. v. Louisville, etc.,* Ky., 379 S.W.2d 450 (1964), judicial review is confined to a determination of whether the zoning action taken was arbitrary. A de novo trial in circuit court concerning what particular zone classification the property should receive is impermissible. If the zoning agencies observe due process requirements, judicial review is confined to the record made before those agencies.

*Id.* 470 S.W.2d at 178–179. Applying the lessons of *McDonald* to this appeal, it is clear that the Trimble Fiscal Court was acting in an adjudicatory capacity, since it was deciding whether the Snyders' peculiar factual situation entitles them to relief from the presence of the county road on their property. *Id.* at 178. As a result, the Trimble Fiscal Court was required to meet the basic requirements of due process, and judicial review is limited to determining whether the decision not to close the road was arbitrary,

including whether there was substantial evidence to support the decision. *Id.; see also Shreve v. Taylor County Public Library Board,* Ky., 419 S.W.2d 779, 781 (1967). In the context of this appeal, the question of substantial evidence is effected by the Snyders' failure to sustain their burden of persuading the Fiscal Court, as fact finder, to close the road. Where a party with the burden of persuading the fact finder fails to do so, his burden on appeal is great. He must show that the evidence in his favor was so compelling as to mandate a finding in his favor. In other words, no reasonable person would not find in his favor. If the evidence presented is not so compelling, then the decision is not arbitrary. *Landgrave v. Watson,* Ky.App., 593 S.W.2d 875, 878 (1979); *see also Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986). Therefore, the Snyders will have to show that the evidence of record compels the closing of the road. Finally, we note a trial *de novo* is expressly prohibited. *McDonald,* 470 S.W.2d at 179.

Our determination that trial *de novo* is not permissible is reinforced by a review of KRS 178.100, as it existed prior to the adoption of the Judicial Article, and its accompanying statutory changes, including KRS 23A.010. The old statute provided as follows:

(1) From a decision of the county court ordering a new road to be opened, or ordering an alteration or discontinuance of an existing road, or allowing gates to be erected across a road or abolishing existing gates, or a decision refusing any such order, the party aggrieved may appeal to the circuit court within sixty (60) days by executing bond as in other cases, and on appeal the case shall be tried de novo.

(2) From the decision of the circuit court either party may appeal to the Court of Appeals.

KRS 178.100 (prior to 1976 ex. sess. Ky. Acts, ch. 14, § 168). From the General Assembly's deliberate decision to delete the specific requirement of a trial *de novo* in 1976, we readily discern that their intent was to eliminate such a requirement and bring the review of fiscal court road decisions into conformity with *American Beauty Homes,*

*supra*, and its progeny. Thus, *McDonald* is controlling.

Moreover, the cases upon which the Snyders rely are all distinguishable. Both *Walker v. Lyon County Fiscal Court*, Ky., 425 S.W.2d 730 (1968), and *Sarver v. County of Allen by and through its Fiscal Court*, Ky., 582 S.W.2d 40 (1979), arose under the old version of KRS 178.100, and the predecessor of KRS 23A.010, and, hence, are distinguishable as noted above. Additionally, *Varney v. Varney*, Ky.App., 609 S.W.2d 704 (1980), which discusses the difference between an appeal and an original action, as contemplated under KRS 23A.010, does not analyze the appropriate review of an "original action," but only notes the case before it was not properly brought. Since the court in *Varney* noted that the Pike Fiscal Court's action was legislative, we are confident it would agree with our analysis herein. Finally, we also find *Watson v. Crittenden County Fiscal Court*, Ky.App., 771 S.W.2d 47 (1989), to be distinguishable, even though it arose under the current statutory scheme. Therein, the issue related to whether a road was a public road by prescription, which had been assumed by the Crittenden County Fiscal Court. Consequently, the issue was properly for the jury, since it related to the common law question of whether a prescriptive easement had been established, and was not a review of the action of the fiscal court.

 Nor are we persuaded that "original action" necessarily encompasses a trial *de novo*. A challenge to a fiscal court's action must be designated an "original action," because the fiscal court is not a judicial court, which precludes an "appeal" *per se*. *Shreve*, 419 S.W.2d at 781; *Sarver*, 582 S.W.2d at 43; *Varney*, 609 S.W.2d at 705. Nonetheless, calling the proceeding an original action does not convert the review of a local legislative body's decision into a trial *de novo*. Rather,

the proper standard of review is that applicable to all such matters. *McDonald*, 470 S.W.2d at 178–79.

 Since the circuit court failed to undertake the proper review, we must remand this matter. In making the review, the circuit court is limited to the record before the Trimble Fiscal Court, such as it is.[2] If that record does not meet the substantial evidence test, as well as being in compliance with all statutory requirements regarding road closings, then the Trimble Fiscal Court should be reversed. *See Peers v. Cox*, Ky., 356 S.W.2d 768, 769 (1961). We further note that a fiscal court's standard for determining whether to close a road is public convenience and need. *Ex parte Commonwealth, Department of Highways*, Ky. 291 S.W.2d 814, 815 (1956), (which parenthetically noted that "[t]he case law of Kentucky on the subject of road closing leaves much to be desired from the standpoints of certainty and consistency," which remains true to this day); and *Walker*, 425 S.W.2d at 731.

Since we must remand, we deem the appeal by the Oldham Fiscal Court to be rendered moot. On remand, if the motion of the Oldham Circuit Court to intervene is renewed, the circuit court should consider it on its merits.

For the reasons set forth above, we reverse the Trimble Circuit Court and remand for further proceedings consistent with this opinion.

All concur.

---

**2.** We are aware that the record before the Trimble Fiscal Court would appear to be woefully inadequate in view of the requirements of *McDonald*. Nonetheless, we think it appropriate to remand for the actual determination of this issue to be made by the circuit court, in whom is vested the authority to conduct the required review. KRS 23A.010(4).

We are also aware that the requirements of *McDonald* may seem to pose a new and onerous burden on fiscal courts, which may now have to have, out of an abundance of caution, all their hearings recorded and transcribed at substantial cost. Even if such a burden is imposed, of which we are not convinced, it is a burden imposed by considerations of due process and not this Court.