**Morris L. GRIFFITHS, Appellant,**

v.

**CITY OF ASHLAND, Kentucky and the Code Appeals Board for the City of Ashland, Kentucky, Appellees.**

No. 94–CA–002872–MR.

Court of Appeals of Kentucky.

Dec. 22, 1995.

Discretionary Review Denied by Supreme Court May 15, 1996.

A. Scott Coburn (briefed), Ashland, C. Robert Schaub (argued and briefed), Huntington, West Virginia, for Appellant.

Kevin P. Sinnette (briefed), Richard Martin (argued), Ashland, for Appellee.

Before LESTER, C.J., and MILLER and SCHRODER, JJ.

SCHRODER, Judge.

Appellant, Morris L. Griffiths, appeals the dismissal of the declaratory judgment action by the circuit court for failure to exhaust his lower court remedies.

Morris L. Griffiths ("Morris") is the owner of a parcel of land at the intersection of U.S. Route 60 and Boy Scout Road, part of which lies within the Ashland city limits. Morris uses the property for open storage which attracted the attention of the Ashland Code

Enforcement Officer who issued a notice of violation to Morris for operating an open salvage yard or open storage area in violation of Ashland's Existing Structures Code ("the Code") Section ES 301.7 which states: "[a]ll open salvage yards and open storage areas shall be completely obscured from surrounding property by a solid screen not less than six (6) feet in height." Violations are considered class A misdemeanors, punishable by up to one year in jail and/or a fine of up to $500.00.

An appeal to the Ashland Code Appeals Board ("Appeals Board") was unsuccessful. The appellant was then given two choices: cease and desist his operations or build the fence. Failure to do either would result in a criminal citation to district court. Instead, Morris filed suit in circuit court questioning the constitutionality of said Code. The circuit court held that these matters could be brought to the attention of the district court if the City issued a citation for violation of the Code, and dismissed the case.

 We disagree. It is unnecessary for a person to wait for criminal action before he/she can contest the validity of a city ordinance. Our system of jurisprudence does not require one to exhaust administrative remedies, much less endure lower court prosecutions when the constitutionality of an ordinance is in question. *Louisville & Jefferson County Planning & Zoning Commission v. Stoker*, Ky., 259 S.W.2d 443 (1953) and *Bellefonte Land, Inc. v. Bellefonte, Kentucky*, Ky.App., 864 S.W.2d 315 (1993).

 Another principle of administrative law developed through statute and case law holds that appeals from administrative boards as well as declaratory judgment actions must be filed in circuit court, not district court. KRS 418.040, KRS 23A.010(1) and *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450 (1964) and *Fiscal Court v. Don Ridge Land Developing Co.*, Ky., 669 S.W.2d 922 (1984). It doesn't matter that Morris also sought injunctive relief in circuit court to prohibit the City from enforcing said Code until a ruling was made thereon. Nor is it relevant whether or not a citation has al-ready been issued for a violation of the Code. *City of Ashland v. Heck's, Inc.*, Ky., 407 S.W.2d 421 (1966); *Smothers v. Lewis*, Ky., 672 S.W.2d 62 (1984).

For the foregoing reasons, the dismissal by the Boyd Circuit Court is reversed and the matter remanded for further proceedings.

All concur.