**LOUISVILLE METRO HEALTH DEPARTMENT, Appellant,**

**v.**

**HIGHVIEW MANOR ASSOCIATION, LLC, et al., Appellees.**

No. 2008–SC–000599–DG.

Supreme Court of Kentucky.

Aug. 26, 2010.

Eamon Patrick Mulvihill, David A. Sexton, Assistant Jefferson County Attorneys, Louisville, KY, for Appellant.

John Rollin Wilson, Michael Rollin Wilson, Ruck, Wilson, Helline & Brockman, PLLC, Louisville, KY, for Appellees.

Opinion of the Court by Justice
SCHRODER.

The issue in this appeal is the scope of a district court's review of a decision of a local code enforcement board, i.e. whether that review is *de novo* or of the record for an abuse of discretion in the form of an administrative appeal. To answer this question, we must resolve a perceived conflict between Section 113 of the current Kentucky Constitution and KRS 24A.010(3), and KRS 65.8831(1).

In 2005, the Louisville/Jefferson County Metro Government (Louisville) enacted an ordinance banning smoking in buildings open to the public, with a few exceptions.[1] One exception was for facilities operated by private organizations. Enforcement was delegated to the Appellant to issue citations.[2] Violations of the smoking ban are classified as civil offenses or violations, to be enforced through the Louisville/Jefferson County Code Enforcement Board (Code Enforcement Board), an administrative board [3] (instead of the district court).[4] KRS 65.8831(1) allows for appeals from code enforcement boards to the district court, with review limited to the record from the code enforcement boards.

Appellees are property owners who leased their premises to charitable organizations to conduct bingo games under charitable gaming licenses issued by the Commonwealth.[5] The Appellant inspected the Appellees' premises, discovered evi-

---

1. Ordinance No. 123 Series 2005, Chapter 90 of the Louisville/Jefferson County Metro Government Code of Ordinances (hereinafter the LMCO).

2. LMCO § 90.06.

3. LMCO § 90.07.

4. By authority of KRS 65.8801 et seq.

5. Pursuant to KRS Chapter 238.

dence of smoking and other evidence of noncompliance with the ordinance, and issued citations with $50.00 fines. Appellees appealed to the Code Enforcement Board, not denying the smoking, but contending that the Appellees were leasing the premises to private charitable organizations, which were excepted from the Smoke Free Ordinance. The Code Enforcement Board affirmed the citations and $50.00 fines. Appellees appealed to the District Court.[6]

Before reaching the issue of the private charitable exemption, the Jefferson District Court had to determine the scope of its review. Section 113 of the Kentucky Constitution and KRS 24A.010(3) deny district courts appellate jurisdiction. However, KRS 65.8831(1) allows an appeal from a code enforcement board to the district court, but limits the district court to "a review of the record created before the code enforcement board." The Jefferson District Court attempted to resolve the conflicting authority by conducting a *de novo* review of the evidence in the record, and then making its own findings of fact and conclusions of law, concluding that the private charitable organization exception applied to the Appellees.

On appeal, the Jefferson Circuit Court found that district courts are limited to reviewing the record for an abuse of discretion by a code enforcement board, and that the Code Enforcement Board's decision in the case before it was supported by substantial evidence. The Court of Appeals accepted discretionary review and reversed in part, holding that because a district court has no appellate jurisdiction, it must conduct *de novo* proceedings and make findings—but only from reviewing evidence introduced before the code enforcement board (the same conclusion as the district court). We granted discretionary review.

KRS 65.8801 to 65.8839 authorize, as an alternative to district court enforcement of local ordinances, the creation of "administrative boards with the authority to issue remedial orders and impose civil fines in order to provide an equitable, expeditious, effective, and inexpensive method of ensuring compliance with the ordinances in force in local governments."[7] The proceedings before the code enforcement board do not follow the rules of evidence, "but fundamental due process shall be observed and shall govern the proceedings."[8] KRS 65.8831(1) allows an "appeal" from the code enforcement board to the district court. These "appeals" are taken to the district court "by the filing of a complaint and a copy of the board's order in the same manner as any civil action under the Rules of Civil Procedure. **The appeal shall be limited to a review of the record created before the code enforcement board."**[9] This last sentence, and referring to the action as an appeal, is the crux of our problem.

Section 113(6) of the Kentucky Constitution provides: "The district court shall be a court of limited jurisdiction and shall exercise **original jurisdiction** as may be provided by the General Assembly."[10] KRS 24A.010 provides in part:

(1) The District Court is a court of limited jurisdiction; it has original juris-

---

6. Pursuant to *LMCO* § 32.286(A), and KRS 65.8831(1).

7. KRS 65.8801.

8. KRS 65.8828(3), and similar is LMCO § 32.284(D).

9. KRS 65.8831(1) *(emphasis added)*, and similar is LMCO § 32.277.

10. Emphasis added.

diction in all matters specified in KRS 24A.110 to 24A.130.

(2) The District Court may be authorized by law to adjudicate the actions or decisions of local administrative agencies, special districts, or boards. Such adjudications **shall not constitute an appeal but an original action.**

(3) The District Court has **no appellate jurisdiction.**[11]

■ Section 115 of the Kentucky Constitution guarantees an appeal as a matter of right "in cases, civil and criminal." *Vessels ex rel. Vessels v. Brown–Forman Distillers Corp.* tells us that this provision does not permit administrative agencies to foreclose judicial review, nor does it permit the substitution of an administrative agency for a court of law.[12]

■ An original action that allows a *de novo* review of an administrative action would allow a trial court to conduct a hearing to supplement the record if necessary, hear arguments, make initial findings of fact and conclusions of law, and enter a judgment (much like the circuit court's review of a master commissioner's report).[13] An original action that is limited to a review of the record contemplates a review for an abuse of discretion, which is in fact an administrative appeal.[14] Merely calling a proceeding an "original action" does not make it so.[15]

Judicial review of an agency decision is limited to the determination of whether the decision was arbitrary, i.e., whether the action was taken in excess of granted powers, whether affected parties were afforded procedural due process, and whether decisions were supported by substantial evidence. Issues of law involving an administrative agency decision will be reviewed on a de novo basis.[16]

■ However, a *de novo* action could be filed in district court because it is a court of original jurisdiction. Because a district court has no appellate jurisdiction, a review of the record for an abuse of discretion must proceed in circuit court, the first court with appellate jurisdiction.[17] Obviously, that part of KRS 65.8831(1), which limits an appeal in district court to a review of the record created before the code enforcement board, is unconstitutional on its face for assigning appellate juris-

---

11. Emphasis added.

12. 793 S.W.2d 795, 798 (Ky.1990).

13. KRS 65.8831(1) did provide for *de novo* review until amended in 1998. *See* 1998 Ky. Acts ch. 364, § 5.

14. *See Smith v. O'Dea*, 939 S.W.2d 353, 355–56 (Ky.App.1997).

15. *Trimble Fiscal Court v. Snyder*, 866 S.W.2d 124, 127 (Ky.App.1993).

16. *Sebastian–Voor Properties, LLC v. Lexington–Fayette Urban County Gov't*, 265 S.W.3d 190, 195 (Ky.2008) (internal citations omitted).

17. *See Griffiths v. City of Ashland*, 920 S.W.2d 78, 79 (Ky.App.1995); KRS 23A.010(4) (authorizing the circuit court to review adminis-

trative decisions). Statutory interpretation is purely a question of law subject to *de novo* review. *Spencer County Preservation, Inc. v. Beacon Hill, LLC*, 214 S.W.3d 327, 329 (Ky. App.2007) (citing *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717 (Ky.2000)). Administrative agency decisions on issues of law are reviewed *de novo*, *Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327, 330 (Ky.App.2000), unless "Chevron deference" is required. *See Louisville/Jefferson County Metro Gov't v. TDC Group, LLC*, 283 S.W.3d 657, 661 (Ky.2009). Likewise, ordinance interpretation is a matter of law with a *de novo* review by the courts. *Commonwealth v. Jameson*, 215 S.W.3d 9, 15 (Ky.2006) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cabinet*, 983 S.W.2d 488, 490 (Ky.1998)).

diction to a district court; this statute also conflicts with KRS 24A.010(3), which denies district courts appellate jurisdiction. The specific language, "The appeal shall be limited to a review of the record created before the code enforcement board." is therefore stricken from the statute because it is unconstitutional.

KRS 446.090 provides for the severability of statutes, that is, when one part is held unconstitutional, the remaining parts shall remain in force unless the remaining parts are essential and inseparable. If the review in district court is not limited to a review of the record, the statute would be constitutional with the implication of a *de novo* trial, for the reasons stated above. Likewise, if we interpret the statute as providing for initial appellate review by the circuit court, the statute would be constitutional. In deciding between remedial alternatives, a court is to accommodate, as fully as possible, the policies and judgments expressed in the statutory scheme as a whole.[18]

The policy expressed in KRS 65.8801 in creating code enforcement boards was "to provide an equitable, expeditious, effective, and inexpensive method of ensuring compliance with" local government ordinances (an alternative to district court enforcement). Therefore, the alternative of construing the statute with initial appellate review in the circuit court, with its greater expense and formality than district court, would be contrary to the General Assembly's expressed intent.[19]

Also, leaving the review with the district court would not jeopardize the ordinance. A finding that KRS 65.8831(1) is unconstitutional to the extent it limits the district court's review to the record below would have no effect on the wording of the ordinance. KRS 65.8831(1) and LMCO § 32.286 both require an "appeal" to be filed in district court. The statute as written requires the appeal be limited to a review of the record below. However, the ordinance actually conforms to the constitutional limitation on the district court's jurisdiction. The ordinance merely requires the appeal be filed in the district court by the filing of a complaint with a copy of the code enforcement board's final order, in the same manner as any civil action.

With our holding that the statute is unconstitutional in part, and the severability of the statute, the ordinance itself is not in conflict with the constitution, nor with the remaining portion of the statute. Under the ordinance as written, a district court can simply conduct a *de novo* trial per the statute, which would allow the court to supplement the record and hear arguments before ruling. Therefore, we hold that review of Code Enforcement Board decisions are subject to *de novo* trials in district court.

For the foregoing reasons, we affirm that part of the Court of Appeals Opinion that holds that the district courts have no appellate jurisdiction and must conduct a *de novo* trial as to the final order of the Code Enforcement Board. We reverse the Court of Appeals decision to the extent that it limits the district court's review to making findings only from reviewing evidence introduced before the Code Enforcement Board. We remand to the Jefferson

---

**18.** *Commonwealth v. Meyers*, 8 S.W.3d 58, 62 (Ky.App.1999) (citing *Califano v. Westcott*, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979)).

**19.** *See also* KRS 82.620(4) and KRS 82.625(5)(e), wherein district courts are also authorized to review appeals of administrative actions, but the statutes specifically designate a trial *de novo*.

District Court for proceedings consistent with this opinion.

All sitting. All concur.