Raymond K. HAMPSON, Stephania Wagner, and Eugene Wagner, Appellants

v.

BOONE COUNTY PLANNING COMMISSION; New Par, d/b/a Verizon Wireless; and Eloise Warnke, Appellees.

No. 2011–CA–001559–MR.

Court of Appeals of Kentucky.

July 25, 2014.

Discretionary Review Denied by Supreme Court June 3, 2015.

V. James Sallee, Florence, KY, Paul R. Markgraf, Covington, KY, for Appellants.

Jeffrey C. Mando, Jennifer H. Langen, Covington, KY, Dale T. Wilson, Florence, KY, for Appellee, Boone County Planning Commission.

David A. Pike, F. Keith Brown, Robert W. Grant, Shepherdsville, KY, for Appellees New Par d/b/a Verizon Wireless and Eloise Warnke.

Before CAPERTON, MAZE, and VANMETER, Judges.

## OPINION

MAZE, Judge:

Appellants, Raymond K. Hampson, Stephania Wagner, and Eugene Wagner, appeal from the order of the Boone Circuit Court affirming the decision of the Appellee, Boone County Planning Commission (hereinafter "BCPC") approving the application by Appellee, New Par, D/B/A Verizon Wireless ("Verizon") for the construction of a 305 foot cellular antenna tower in Boone County. Finding no reversible error, we affirm.

On October 5, 2010, Verizon applied to BCPC for approval of the placement of a 305 foot, self-supporting, lattice-style cellular antenna tower on a 10,000 square foot section of Eloise Warnke's farm (the Warnke farm). Appellants' parcels of land border the Warnke farm. The proposed tower was to sit 391 feet from the Wagners' residence and 56 feet from the Warnke/Hampson property line. The proposed tower did not fit the BCPC design guidelines for cellular antenna towers and so Verizon's uniform application requested several waivers. The BCPC had previously approved two similar towers proposed by Verizon to be built on East Bend Road and Burlington Pike (referred to by Verizon as Possum Path and Waterloo) that

required similar height, structure, and landscape waivers.

Verizon sent letters to neighboring property owners giving notice of their application to the BCPC for the tower on the Warnke farm. A public hearing was held on December 1, 2010. Todd Morgan, a BCPC staffer, presented his report which addressed how Verizon's request satisfied the guidelines, expressed possible concerns with the request, and conveyed that he had requested and received additional information from Verizon. Following Morgan's report, Verizon presented its plan with testimony from several experts, which included health and environmental effects, structural issues, and effects on property values. Verizon also discussed the need for the proposed tower to bring coverage to the western part of Boone County, that co-location was unavailable, and that the State Historic Preservation Officer indicated that the addition of the proposed tower would not adversely affect the area.

The public then had the ability to comment at the hearing. The attorney for Hampson expressed concern about the height of the tower, the economic impact on Hampson's property, and the proximity of the tower to the property. Morgan noted that the Wagners had sent three letters to BCPC expressing concerns about the proposed tower, including such concerns as health issues, property values, setbacks, waivers, tower lighting, visibility of the tower, and lightning strikes.

The BCPC discussed the concerns about the proximity of the tower to the surrounding residences and asked Verizon about the possibility of moving the tower to another location on the Warnke farm. The BCPC also asked Verizon to provide additional information including, but not limited to, plots depicting construction of

the tower on different parts of the Warnke farm. The public hearing was then closed with the BCPC stating it would act on the request on January 5, 2011.

Verizon supplemented their application on December 23, 2010, including an assessment of different locations to show how coverage would be affected. The BCPC Technical/Design Review Committee discussed a location seventy-five feet northeast of the originally proposed location that would satisfy coverage; it recommended approval of the originally proposed location with waivers for tower type, height, and setback from the closest residence.

The BCPC then met on January 5, 2011, with Morgan reporting that the Technical/Design Committee's recommendation and findings indicated that the proposed tower was in general agreement with the 2005 Boone County Comprehensive Plan and zoning regulations, but that several conditions would need to be waived. The BCPC opened the floor for public comment. Verizon presented an alternate site for the tower that was seventy-five feet northeast of the originally proposed site that would meet coverage objectives, but would also require additional variances and new approvals from the Federal Aviation Administration, the Kentucky Airport Zoning Commission, and the State Historic Preservation Officer. Hampson's attorney again spoke concerning the height of the tower and the need to follow the county's regulations. The BCPC discussed the height of the tower and its proximity to neighboring property lines and structures.

A motion to approve the tower at its original proposed location was made and ultimately failed. Dale Wilson, legal counsel for BCPC, stated that a motion could be made to move the location seventy-five feet to the northeast or a motion could be made to deny the request on written reasons. Following a motion to approve the application on the condition that the tower be moved seventy-five feet to the northeast of the original site proposed, the BCPC unanimously approved the application.

The Appellants appealed to the circuit court on the grounds that (1) Verizon was not registered with the Kentucky Secretary of State;[1] (2) the BCPC's reconsideration of the application with additional conditions after having denied it was invalid, arbitrary, and capricious; and (3) the BCPC's disregard for the comprehensive plan and zoning regulations was also invalid, arbitrary, and capricious.

After reviewing the applicable law, the court concluded that BCPC's approval of Verizon's application was not arbitrary and did not violate Appellants' right to due process. The trial court was satisfied that the BCPC conducted a public hearing on Verizon's application, requested additional information to satisfy the concerns of both the BCPC and the public, and then approved the application on the condition that the tower be moved to a different location that was a compromise between coverage objectives and proximity to neighboring property lines. Counsel for Hampson spoke at both the public meetings held by the BCPC. The court concluded that the BCPC did not violate procedural due process as the Appellants' concerns were heard and considered by BCPC; and the Appellants had actual notice of these meetings. The court also concluded that the Appellants were not prejudiced by the final decision of the

---

1. The court disagreed with Appellants' argument; this argument was not pursued on appeal and thus we decline to discuss it further.

BCPC moving the tower location further from the Appellants' property. The court concluded that the BCPC's decision was supported by the evidence, and was not arbitrary; and thus, affirmed the BCPC's decision. It is from this order that the Appellants now appeal.

On appeal the Appellants raise six issues regarding due process, namely, (1) the BCPC's denial of the original site and three alternative sites, and then approving another alternative location violated Appellants' right to due process; (2) the BCPC's legal counsel denied due process to Appellants by his unsolicited suggestion of a different location for the tower without providing additional alternatives proposed by Verizon or considered by the Technical Review committee; (3) the BCPC denied Appellants due process by considering one component of a network of towers without giving notice to all persons affected by the network of towers; (4) the BCPC failed to make appropriate findings concerning all factors permitting deviation from the comprehensive plan and subsequently denied Appellants' due process; (5) the BCPC denied due process to the Appellants by its substantial disregard of the 2005 comprehensive plan; and (6) the cumulative effect of the procedural errors and irregularities during the proceedings denied them due process.

The Appellees Verizon and Warnke present two arguments, namely, (1) that the BCPC did not violate the Appellants' due process rights and (2) that denial of the application would have violated the Federal Telecommunications Act of 1996 ("TCA") and KRS 100.987(2). Appellee BCPC argues that the Appellants' due process rights were not violated and that the decision to approve Verizon's application was not arbitrary. With these arguments in mind we now turn to our applicable standard of review.

Concerning judicial review of an administrative action, the court in *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n*, 379 S.W.2d 450 (Ky.1964) held:

Basically, judicial review of administrative action is concerned with the question of arbitrariness.... The above three grounds of judicial review, (1) action in excess of granted powers, (2) lack of procedural due process, and (3) lack of substantial evidentiary support, effectually delineate its necessary and permissible scope.... In the final analysis all of these issues may be reduced to the ultimate question of whether the action taken by the administrative agency was arbitrary.

*American Beauty Homes Corp.* at 456–57 (internal citations omitted). Recently, the Kentucky Supreme Court succinctly explained the parameters of whether a decision was arbitrary:

Judicial review of an agency decision is limited to the determination of whether the decision was arbitrary, i.e., whether the action was taken in excess of granted powers, whether affected parties were afforded procedural due process, and whether decisions were supported by substantial evidence. Issues of law involving an administrative agency decision will be reviewed on a de novo basis.

*Louisville Metro Health Dep't v. Highview Manor Ass'n, LLC*, 319 S.W.3d 380, 383 (Ky.2010) (quoting *Sebastian–Voor Properties, LLC v. Lexington–Fayette Urban County Gov't*, 265 S.W.3d 190, 195 (Ky. 2008)).

As to the Appellants' claims of a violation of due process we note that due process has two meanings in our jurisprudence:

(1) substantive due process, which is based on the idea that some rights are so fundamental that the government must have an exceedingly important reason to regulate them, if at all, such as the right to free speech or to vote; and (2) procedural due process, which requires the government to follow known and established procedures, and not to act arbitrarily or unfairly in regulating life, liberty or property.

*Miller v. Johnson Controls, Inc.,* 296 S.W.3d 392, 397 (Ky.2009).

Regarding procedural due process, it has oft been said, "[o]rdinarily, notice and an opportunity to be heard are the basic requirements of due process." *Storm v. Mullins,* 199 S.W.3d 156, 162 (Ky.2006). With this in mind we turn to the Appellants' arguments.

■ Appellants first argue that the BCPC's denial of the original site and three alternative sites, followed by its approval of what they deem to have been a previously unknown and unadvertised location for a cell tower violated due process. Verizon argues that Appellants' claim must fail as they were given notice, a meaningful opportunity to be heard, and were not prejudiced by the tower being moved further away from their property. We agree with Verizon that the approval of the alternate site did not violate Appellants' due process rights.

■ Fundamentally, the hallmarks of procedural due process are notice and an opportunity to be heard. *See Hilltop Basic Resources, Inc. v. County of Boone,* 180 S.W.3d 464, 469 (Ky.2005) ("The fundamental requirement of procedural due process is simply that all affected parties be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'") (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). The record reflects that Appellants were given the opportunity to be heard on the matter of the location and re-location of the tower in question. The possibility of moving the tower was raised at several points during the meeting, including during the public comment period, and prior to Appellants' attorney's opportunity to speak. That they did not take that opportunity to speak to the proposed relocation does not mean a violation of due process occurred.

Furthermore, we point out that Appellants provided no authority to this Court in support of the proposition that the BCPC was required to hold a separate hearing and institute a separate comment period regarding the proposed site seventy-five feet from the original site. Hence, we observe no violation of the Appellants' due process, as they were adequately noticed and had a meaningful opportunity to be heard regarding the approved site.

Appellants also argue that their rights to due process were violated when the BCPC denied the original application and then approved a different location. Verizon argues that this is not what occurred procedurally; instead, the initial motion to approve the application did not pass and then a subsequent motion to conditionally approve the application with the seventy-five feet requirement passed unanimously.

Of import, KRS 100.987 states, in part:

(4) After an applicant's submission of the uniform application to construct a cellular antenna tower, the planning commission shall:

(a) Review the uniform application in light of its agreement with the comprehensive plan and locally adopted zoning regulations;

(b) Make its final decision to approve or disapprove the uniform application; and

(c) Advise the applicant in writing of its final decision within sixty (60) days commencing from the date that the uniform application is submitted to the planning commission or within a date certain specified in a written agreement between the local planning commission and the applicant. If the planning commission fails to issue a final decision within sixty (60) days and if there is no written agreement between the local planning commission and the applicant to a specific date for the planning commission to issue a decision, the uniform application shall be deemed approved.

(5) If the planning commission disapproves of the proposed construction, it shall state the reasons for disapproval in its written decision and may make suggestions which, in its opinion, better accomplish the objectives of the comprehensive plan and the locally adopted zoning regulations. No permit for construction of a cellular or personal communications services antenna tower shall be issued until the planning commission approves the uniform application or the sixty (60) day time period has expired, whichever occurs first.

Contrary to the Appellants' position, the original application was never denied pursuant to KRS 100.987. Simply stated, the BCPC did not make a motion to deny the application, nor did they advise the applicant in writing of a final decision denying the application. Instead, Verizon was notified of the BCPC's final decision conditionally approving the application by letter dated January 6, 2011.[2] The BCPC followed KRS 100.987 and we decline to find said actions to have violated Appellants' due process rights.

**2.** We note that per statute, if the BCPC had not reached a final decision, the application

■ Second, Appellants argue that their due process rights were violated by BCPC's legal counsel's unsolicited suggestion of a different location for the tower without providing additional alternatives proposed by Verizon or considered by the Technical Review committee. The Appellees argue that BCPC's legal counsel appropriately gave legal advice to the client. We agree that counsel did provide legal advice but find no due process violation.

After the vote to approve the original application failed, legal counsel for BCPC advised his client that "someone can make a motion to move the tower seventy-five feet or a motion to deny the request can be made based on written reasons." Appellants have failed to present to this Court *any* jurisprudence or persuasive authority in which offering legal advice to a client *sua sponte* resulted in a due process violation. Moreover, we take no issue with counsel's advice which comports with statute and seems, from the record, to have simply been his attempt at advising his client of its options at that procedural juncture in the hearing. *See* KRS 100.987. Accordingly, we find no violation of due process on this ground.

■ Appellants' third claimed violation of due process is that the BCPC denied Appellants due process by noticing only those affected by these towers which comprised part of a greater network of towers. Instead, Appellants contend that Verizon was required to notice all persons affected by the entire network of towers, and that if this had been done, Appellants would have had considerably greater resources with which to challenge placement of the towers. We disagree.

would have been deemed approved.

Fundamentally, Appellants take issue with KRS 100.9865, which requires in part:

(12) A statement that every person who, according to the records of the property valuation administrator, owns property within five hundred (500) feet of the proposed tower or property contiguous to the site upon which the tower is proposed to be constructed, has been:

(a) Notified by certified mail, return receipt requested, of the proposed construction, which notice shall include a map of the location of the proposed construction;

(b) Given the telephone number and address of the local planning commission; and

(c) Informed of his or her right to participate in the planning commission's proceedings on the application; . . .

(17) A statement that notice of the location of the proposed construction has been published in a newspaper of general circulation in the county in which the construction is proposed; . . . .

Appellants do not contend that Verizon failed to give the required notice to the property owners under KRS 100.9865(12) or that Verizon failed to place a statement of notice in a newspaper of general circulation within the county per KRS 100.9865(17); thus, Appellants were given adequate notice concerning the other cellular towers and there was no violation of due process on this ground.

The remaining question is whether the statute required Verizon to notice not only those affected by the towers covered under their present application, but also those affected by the other towers which were the subject of two prior applications to the BCPC. We answer this question in the negative.

KRS 100.9865 requires notice to land owners whose property lies within 500 feet, or contiguous with the site, of a proposed tower. None of Appellants' properties fit this description. In fact, the other towers in the "network" lie miles from Appellants' land. KRS 100.9865, when complied with, satisfies the minimum requirements of due process in cases such as this one. That statute does not impose upon Verizon the burden of informing landowners whose land rests miles from a proposed cell tower of such a proposal. Hence, we will not impose such a burden. Contrary to Appellant's argument that Verizon was required to submit, and the BCPC was required to hear, notice of *all* towers as part of one application, we find that Verizon satisfied its statutory duty of notice to those landowners described in statute.

Furthermore, even if Verizon had failed to adhere to the procedural requirements of KRS 100.9865, such a failure may be excused or curable when there has been actual notice and no material prejudice to the parties bringing the action. *See Minton v. Fiscal Court of Jefferson County,* 850 S.W.2d 52, 54 (Ky.App.1992). Having found actual notice to those truly affected by the construction of this cell tower, and having found no prejudice to Appellants, we conclude that even had Verizon failed to comply with statutory notice requirements, such failure would have been excusable. Therefore, we find no violation of due process and no error in the trial court's order on this matter.

Last, we consider the Appellants' fourth and fifth claimed violations of due process. In support of their fourth claim of due process violation, that the BCPC failed to make appropriate findings concerning all factors permitting deviation from the comprehensive plan and subsequently denied Appellants' due process, Appellants argue that the grant of the application was arbitrary as it flew in the face of the public

interest delineated in the plan and zoning ordinances.

Specifically, Appellants take issue with the stated goals and objectives of the comprehensive plan in regard to wireless communication facilities: "Wireless Communications (Cellular towers) and similar facilities shall not be obtrusive to residential or scenic areas and co-location shall be implemented whenever possible." The applicable zoning regulations require that a tower would be limited to 120 feet in height, be constructed as either a monopole or stealth tower and shall be located no less than twice the tower height in distance from any residence. The approved tower required waivers to increase the size from 120 feet to 315 feet, reduce the setback from the Wagner's house from 630 feet to 391 feet, permit a lattice tower in place of a monopole tower, and eliminate a ten-feet wide landscaping buffer. Appellants contend that such waivers disregarded the stated objectives of the comprehensive plan. We disagree.

■ "[A] comprehensive plan is intended to be a guide for development, not a straight-jacket. A zoning agency is not bound to follow every detail of a land use plan." *Warren County Citizens for Managed Growth, Inc. v. Bd. of Comm'rs of City of Bowling Green*, 207 S.W.3d 7, 16–17 (Ky.App.2006) (internal footnotes omitted). We instead look to see whether the BCPC's decision was arbitrary. *Id.*

■ The BCPC was presented ample evidence from Verizon in support of the waivers and the approval of the application. The Kentucky State Historic Preservation Officer determined that the tower would "have no adverse effect ... for visual effects." [3] Verizon presented a radio frequency engineer who testified regarding the need for the proposed facility and the

reasons the type of tower was selected. Verizon presented a licensed structural engineer who testified that the tower would not pose a safety risk to the nearest residential structure, the Wagner residence. Appraiser Mary Brown testified that the proposed tower would have no negative impact on property values in the neighborhood. In light of the evidence presented, we cannot say that the BCPC's decision was arbitrary.

Similarly, Appellants' fifth claimed violation of due process, that the BCPC denied due process to the Appellants by disregarding the 2005 comprehensive plan, is premised on the Appellants' assertions that the BCPC failed to make any determinations regarding the tower's obtrusiveness or its impact on the scenic value of the rural property. We believe that such considerations were addressed through the substantial evidence presented to the BCPC and its decision based upon such evidence was not arbitrary. Accordingly, there was no violation of Appellants' due process rights on this ground.

Finally, Appellants claim that the cumulative effect of the alleged procedural errors and irregularities mentioned *supra* deprived them of due process. Having found no such errors or irregularities, let alone any which amounted to a violation of due process, we must disagree with Appellants on this sixth and final point.

In light of the aforementioned, we affirm the order of the Boone Circuit Court.

VANMETER, Judge, concurs.

CAPERTON, Judge, dissents and files separate opinion.

CAPERTON, Judge, dissenting:

I respectfully dissent. I would find that denial of the tower's advertised location,

---

**3.** Correspondence from the SHPO dated   March 18, 2010.

including the three proposed alternate locations, followed by the approval of an unadvertised location violated due process. A landowner reviewing the proposed locations of a tower may not have any objection to an advertised location and, thus, may not appear at the hearing or offer objection. However, the same landowner may well have objections to tower placement or construction in an unadvertised location. Failure to give notice is a violation of due process. I would reverse on this issue and remand for further hearing.