RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1163-MR

WILLIAM RICHARDSON;
CANDACE RICHARDSON; SHAWN
TURNER; KERRI TURNER; JAMES
CLOUGH; CHESTER KIEHL; SUSAN
JACKSON; WARD SIMMONS;
CATHERINE SNOW; AND WILSON
SIMMONS                                                    APPELLANTS


APPEAL FROM SCOTT CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 16-CI-00146


GEORGETOWN-SCOTT COUNTY
PLANNING COMMISSION; MARK
SULSKI, JEFF CALDWELL, BYRON
MORAN, JOHN SHIRLEY, ROB
JONES, FRANK WISEMAN, REGINA
MIZELL, STEVE SMITH, AND
JANET HOLLAND, IN THEIR
OFFICIAL CAPACITIES; GENE L.
BUTCHER, JR.; SKYWAY TOWERS,
LLC; AND CELLCO PARTNERSHIP
D/B/A VERIZON WIRELESS                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE:  This is an appeal by landowners seeking review of the approval of an application for the construction of a new cellular antenna tower filed by Skyway Towers, LLC, and Cellco Partnership d/b/a Verizon Wireless (collectively, Verizon) pursuant to Kentucky Revised Statutes (KRS) 100.985 *et seq*.  The Scott Circuit Court affirmed that decision in a KRS 100.347 statutory appeal, which we also affirm.

The underlying action began on January 4, 2016, when Verizon filed a Uniform Application (File No. PDP-2016-05) with the Georgetown-Scott County Planning Commission (the Planning Commission), seeking permission to construct a 199' wireless communications tower with a lightning arrestor on the property of Gene L. Butcher, Jr., on Stamping Ground Road between Viley Lane and Lloyd Road in Georgetown, Kentucky.  The project name was Lloyd Road – Wireless Communications Facility, and the application included several attachments pursuant to the statutory requirements in KRS 100.987 and KRS 100.9865.  Notice of the upcoming public hearing was provided by posting a sign and by mailing notification letters and delivering legal notice to the Georgetown News Graphic.

The Planning Commission held a public hearing on the application on February 11, 2016, during which Megan Chan reviewed the Staff Report.  The report included a review of Verizon's application, which met the requirements of

the Zoning Ordinance, Georgetown, Scott County, Kentucky Section 2.55(F) and

(J). The report noted that "[t]he most significant benefit to the community would

be increased service, while the offsets have not been demonstrated by the

application or raised by neighboring property owners or members of the general

public." Because the application complied with the Comprehensive Plan, Zoning

Ordinance, and Subdivision and Development Regulations, the report

recommended that the Planning Commission approve the application with several

conditions, including addressing site drainage. After discussing the report and

other issues, Ms. Chan recommended approval of the application along with the

conditions noted in the report. David Pike, Verizon's counsel, called his witnesses

and stated that all of the requirements had been addressed and met.

The meeting minutes include issues raised by Dr. William

Richardson, a local ophthalmologist:

> Chip Richardson, Stamping Ground Road property owner, stated that he and his wife purchased 158[1] acres to the west of the proposed tower. He stated that directly across from him is what has been called the most historically rich area in Scott County. It was the homestead of the ninth Vice President of the United States, Richard Johnson. The Choctaw Academy is there in a state of disrepair, and he has made a commitment to help restore it. He is in negotiations with the Heritage Council to place an easement for the dormitory of the Academy.

---

[1] The transcript of the hearing shows that they purchased 168 acres of land.

Dr. Richardson also stated that he would like to construct a grass landing strip for his own sport aviation use.[2] A 200' tower in his path is not conducive to this use. He expressed concern about whether the tower is actually needed, doubting the applicant's statement that there is a critical need for the area. He felt there are reasons to consider postponing the application to look at another site within the radio frequency service area.

Commissioner Wiseman felt that the tower would not affect the historic integrity of the Choctaw Academy. Dr. Richardson stated that this commercial operation is directly across the road from an historic resource that will hopefully attract tourists to Stamping Ground once it is restored.

. . . .

Dr. Richardson felt that there are inadequate studies that show the opportunity to co-locate.[3]

Mr. Perkins stated that the required scientific evidence has been submitted that legally overrides the other concerns that have been expressed. Dr. Richardson felt that that does not preclude the Commission requiring a second, independent study to verify the biased studies commissioned by the applicant. Mr. Perkins stated that that is not feasible due to time constraints, budget, and the fact that the applicant provided studies certified by experts.

. . . .

---

[2] Richardson stated during the hearing, "[T]he tower is directly in a glide path that I want to install on my farm."

[3] KRS 100.985(3) defines "co-location" as "locating two (2) or more transmission antennas or related equipment on the same cellular antenna tower[.]"

Dr. Richardson stated that this is the first opportunity for public comment. There is no point in having a meeting if the Commission simply checks off items on a checklist. Notice requirements were discussed. Dr. Richardson felt the time period between being noticed and the public hearing was too short.

At the end of the hearing, the Planning Commission voted to approve the preliminary development plan, subject to the listed conditions, by a vote of 6-2 (the two who voted to deny the application wanted to give Richardson the opportunity to do additional studies).

On March 13, 2016, Richardson and other individuals who own property on Stamping Ground Road within 1000 feet of the proposed tower (collectively, Richardson) filed a statutory KRS 100.347 appeal against the Planning Commission, the commissioners in their official capacities (collectively, the Planning Commission), Butcher, and Verizon (collectively, the Private Party Appellees), seeking review of the Planning Commission's approval of Verizon's Uniform Application. Richardson alleged that he (along with the other property owners) was denied his due process rights and lost the quiet enjoyment and value of his property. He asserted that Verizon failed to include in the Uniform Application the location of all cellular antenna towers and all proposed construction sites for cellular antenna towers on its tower grid map pursuant to KRS 100.987(2)(a). Such information was not included in Verizon's Radio Frequency Report, Search Area Map, or Alternate Site Analysis, meaning that the

Planning Commission approved the application without all of the required information, making the decision arbitrary and violating his due process rights. In addition, the Planning Commission did not provide any findings of fact to support its approval. The case was assigned to Division 2, Judge Paul F. Isaacs.

In their answer, the Private Party Appellees asserted several defenses, including that Richardson had improperly included documents outside of the administrative record with his complaint (Exhibits A, B, C, and D); that Richardson waived any claims he did not assert at the public hearing; and that the Planning Commission's decision to approve the Uniform Application was based upon substantial evidence and was in compliance with the protections afforded by the United States and Kentucky Constitutions. The Planning Commission also disputed Richardson's complaint and sought dismissal in its answer.

In a separate motion, the Private Party Appellees sought direction about the filing of the administrative record and the briefing schedule, and they asserted that the matter should proceed as an "on the record" KRS 100.347 statutory appeal rather than a regular civil action that would permit discovery. Richardson objected to the motion, noting that the request that the case be heard "on the record" was in response to the inclusion of exhibits indicating the existence of already constructed or proposed cellular tower sites that were not included in the Uniform Application and, therefore, were not available to the Planning

Commission. Richardson claimed these omissions called into question the validity of assertions in the application. He argued that while, generally, judicial review of zoning decisions is limited to determining whether the decision was arbitrary, a court may consider additional evidence regarding claims of bad faith, misconduct, or fraud. Richardson alleged in his complaint that the Private Party Appellees had acted in bad faith by misrepresenting both to the Planning Commission and to him that the Uniform Application complied with KRS 100.987 as the exhibits attached to his complaint showed additional sites that had not been included in the submitted tower grid map. Therefore, Richardson argued that additional discovery was warranted to determine why the sites were omitted and what impact it would have on the merits of the application. In reply, the Private Party Appellees argued that Richardson waived his argument related to the County Tower Map as he did not raise it at the public hearing; that Richardson failed to show the referenced towers were in the relevant search area for the new tower; and that Richardson failed to plead bad faith, misconduct, or fraud with particularity, which precluded discovery.

In October 2016, the circuit court entered an agreed order related to the filing of the administrative record and briefing of the KRS 100.347 statutory appeal claims. The court ordered the Planning Commission to file the administrative record for this case in fourteen days and stated that "[t]here shall be

no further discovery, proof, or evidence taken on the Appellants' claims in this 'on the record' KRS 100.347 proceeding in the absence of further order of this Court." The court would consider the discovery issue once it had the opportunity to review the administrative record and briefs. "If the Circuit Court ultimately rules it will not allow discovery or submission of documents outside the administrative record, then the case shall proceed before the Circuit Court to final judgment on any claims made upon authority of KRS 100.347 in this action." The parties filed briefs in accordance with this order, and the appellees all sought a judgment in their favor.

In April 2017, the Private Party Appellees moved the court for a status conference and/or oral argument on the pending motions for summary judgment, as they were ripe for a decision. The court held a hearing on the pending motions on June 8, 2017, although the recording of this hearing is not in the certified record. In September, the appellees filed joint proposed findings of fact, conclusions of law, and summary judgment affirming the Planning Commission's decision. The matter was submitted for a decision as of September 18, 2017.

In May 2018, the appellees jointly moved the court to hold a status conference as the motions for summary judgment had not yet been ruled on. After hearing oral argument the previous June, a new judge was appointed (Judge Brian Privett). The appellees sought to discuss whether further briefing or argument

-8-

would be necessary.  In September 2018, the Private Party Appellees filed a similar motion as no ruling had been entered.  And the same appellees filed another similar motion in April 2019.  In March 2020, the Planning Commission filed an AOC-280 notice of submission of case for final adjudication.

In August 2020, the Private Party Appellees filed a motion for judgment based upon the increased public need for wireless service during the COVID-19 pandemic, requesting that the court rule on the motions for summary judgment that had been pending for more than three years.  After hearing argument from counsel, the court indicated that it would enter a ruling as soon as possible.

On December 29, 2020, the circuit court entered an opinion and order on the motions for summary judgment, affirming the Planning Commission's decision to grant the Uniform Application.  The court first ruled that Verizon's filing into the court record of maps of other cell towers that had not been tendered to the Planning Commission in its application must be excluded from the record; the court would review the record that the commissioners had at the time of the hearing.  After setting forth its standard of review ("an administrative decision may be arbitrary if it was:  '1) action in excess of granted power, 2) lack of procedural due process, and 3) lack of substantial evidentiary support'") and citing to *American Beauty Homes Corporation v. Louisville & Jefferson County Planning*

*and Zoning Commission*, 379 S.W.2d 450, 456-57 (Ky. 1964), the court found that

the Planning Commission's decision was not arbitrary:

> At the outset, there are probably very few issues taken out of the hands of local planning commissions and citizens than the location of cell towers. Federal and state law allow review basically only on two grounds: the ability of the applicant to co-locate on existing towers (which is always supported with testimony and affidavit of an expert engineer stating that co-location was considered and is appropriate), that the tower comply with local land use (subject to limitations in the U.S. Code and KRS which basically take away any real local land use control over location, especially in rural areas). Once this information is submitted, and testimony presented at Planning Commission hearing, unless something incredibly unusual happens, the local unit has no choice but to approve. That is the same with the reviewing court on appeal of an administrative action granting cell tower applications.

> As to the *American Beauty Homes* factors, there is no evidence of, and none has been tendered, that the action in the current matter was granted in excess of granted powers of the Planning Commission. The Planning Commission is specifically granted the power to grant cell tower applications under KRS 100.987.

> Based on a review of the record and the state of the federal and state laws concerning what must be presented to the local unit, and the limited amount of review a local unit has to determine such applications, there was substantial evidence to support the Planning Commission's granting the application. Such evidence essentially only consists of evidence of co-location considerations, and compliance with land use subject to limitations on the land use ordinances.

-10-

The prong of the review that receives the most attention in Plaintiffs' brief and filings concerns the lack of substantive due process in the hearing, under two grounds: the lack of specific findings of fact, and the omission of cell towers from the application map that were later filed with this Court, but not with the Planning Commission.

First, Defendants are correct that there is no requirement as to specific findings of fact in cell tower applications. What is at concern is whether the due process right of the Plaintiffs have been infringed by the lack of the findings of fact so that this Court could not have the opportunity to review the approval of the Planning Commission. Due Process is concerned with substantive rights, or "the idea that some rights are so fundamental that the government must have an exceedingly important reason to regulate them," and procedural rights "which requires the government to follow known and established procedures." *Hampson v. Boone County Planning Com'n*, 460 S.W.3d 912, 917 (Ky. App. 2014), *quoting Miller v. Johnson Controls, Inc.*, 296 S.W.3d 392, 397 (Ky. 2009). In this action, the lack of findings of fact goes more toward whether there was substantive evidence to support the administrative decision and not toward due process. While the Plaintiffs' substantive due process in terms of the protection of their property rights is sacred, the Planning Commission followed the substantive law as it stands so that Plaintiffs were given the substantive process that is due. As to procedural due process, the Planning Commission followed all the procedures required by law, and the Plaintiffs were given notice and an opportunity to be heard and meaningfully participate in the hearing. This Court has serious concerns about what it continues to see as the lack of formal practices and procedures, though not required, but most likely a best practice, from the Planning Commission in this matter and in others that have been reviewed by this Court. Some day the lack of those practices will be enough for an appellant to show

-11-

that due process was not given.  This, however, is not that case.

Second, the Plaintiffs argue that the filing of the maps in this action with additional tower locations that were not submitted as required to the Planning Commission violated their due process as it could have allowed for further questioning on co-location or other matters at the hearing.  The Court, however, again, sees that while Defendant Verizon obviously, assuming through negligence, did not strictly comply with the application requirement in submitting an incorrect map, the addition of other towers on the late-filed map substantively complied with the application process so that due process rights of the Plaintiffs were not implicated.  Again, the record from the hearing is more than substantial enough to show that Defendant Verizon was entitled to the grant of the application under the current laws which allow them so much deference in location.

The conclusion of the order indicated that the court had considered the motions, responses, briefs, and arguments of the parties in making its decision.

In January 2021, Richardson moved the court to alter, amend, or vacate its opinion and order pursuant to Kentucky Rules of Civil Procedure (CR) 59, arguing that the court should hear oral arguments on the merits, rule concerning the tendered maps and exhibits that had not been before the Planning Commission, and remand the matter to the Planning Commission for Verizon to start over with a correct and complete application that would be available to the public with sufficient notice and the opportunity to prepare for the public hearing.  Richardson specifically argued that the court had improperly concluded that the consideration

of a cell tower application was a ministerial action by the Planning Commission rather than discretionary, that the court improperly affirmed the Planning Commission's decision when it (the Planning Commission) failed to make any findings of fact, that the court failed to address the denial of Richardson's right to cross-examination at the public hearing, and that the court must address the issues that Verizon failed to meet the statutory requirements in its application and that the Planning Commission acted in excess of its powers.

In response, the Private Party Appellees disputed Richardson's arguments and asserted that the decision was proper as there was overwhelming evidence to support the granting of the Uniform Application. They also indicated that Richardson had raised new issues in this motion that had not been preserved in the Planning Commission proceedings, which should be rejected, and that the court ruled against further discovery in the opinion and order when it found that judicial review of administrative matters was limited to only the record before the commission.

In March 2021, the second circuit judge recused, and the case was transferred from Division 2 to Division 1, with Judge Jeremy Mattox being the third judge assigned to the matter.

On March 26, 2021, Richardson filed a motion for leave to file a first amended complaint and a petition for declaration of rights.[4] The Private Party Appellees objected, stating that a declaration of rights claim could not be permitted as a separate claim from the statutory appeal. The record does not contain a separate ruling on this motion.

On September 3, 2021, the court entered an order denying Richardson's motion to alter, amend, or vacate. The court addressed and rejected Richardson's arguments as to holding oral arguments, the application of controlling law as to the Planning Commission's role in cellular tower hearings, the lack of factual findings, cross-examination at the public hearing, and the failure to address his arguments related to Verizon's failure to meet the statutory requirements and that the Planning Commission acted in excess of its powers. This appeal now follows.[5]

On appeal, Richardson raises issues related to due process, whether a hearing was required, the circuit court's finding that the Planning Commission's action was discretionary, deficiencies in the Uniform Application, and the

---

[4] In the tendered complaint, Richardson stated he had obtained a conditional approval from the Federal Aviation Administration to construct a private use heliport and airport on January 4, 2017. He alleged that the proposed Lloyd Road tower would constitute a nuisance and deny him the property right he had to operate a private use heliport and airport on his property adjacent to the site of the proposed tower.

[5] There are several other appeals pending related to the constitutionality of KRS 100.3471 (appeal bonds) that are proceeding separately from this appeal.

-14-

exclusion of evidence of proposed cellular towers not included in the grid map filed with the Planning Commission. The Private Party Appellees dispute these arguments and assert that the Planning Commission's approval was supported by substantial evidence, complied with applicable law, was consistent with the Staff Report, was not arbitrary, and was therefore properly affirmed by the circuit court.[6]

Before we reach the merits of the appeal, we must address the Private Party Appellees' discussion of Richardson's compliance issues related to the citation of unpublished opinions on several pages of his brief. We note that the Private Party Appellees cited to the prior rule found in CR 76.28(4)(c), as they filed their brief prior to the effective date of the Kentucky Rules of Appellate Procedure (RAP). RAP 41 now provides:

> (A) **Kentucky Opinions**. "Not To Be Published" opinions of the Supreme Court and the Court of Appeals are not binding precedent and citation of these opinions is disfavored. A party may cite to and rely on a "Not To Be Published" opinion for consideration if:
>
> (1) it was rendered after January 1, 2003,
>
> (2) it is final under RAP 40(G),
>
> (3) there is no published opinion of the Supreme Court or the Court of Appeals that would adequately address the point of law argued by the party, and

---

[6] The Planning Commission adopted the brief filed by the Private Party Appellees.

(4) the party clearly states that the opinion is not binding authority.

(B) **Unpublished Opinions from Other Jurisdictions**. Unpublished opinions from other jurisdictions are not binding precedent and citation of these opinions is disfavored.

(C) **Citation and Copies**.

(1) When citing a "Not To Be Published" opinion of the Kentucky appellate courts, the party must provide the style, date, and case number of the opinion: e.g. *Doe v. Roe*, 2019-SC-1234 (Ky. Feb. 20, 2020), or *Smith v. Jones*, 2019-CA-1999 (Ky. App. Dec. 4, 2020).

(2) When citing an unpublished opinion from another state, the party must either provide a URL or other identifier that will permit easy access to the opinion on a publicly available electronic database or include a copy of the entire opinion in the appendix to the party's brief[.]

The new rule is very similar to the prior rule, with the exception that a party is no longer required to provide copies of all cited, unpublished opinions with the brief but, rather, must comply with RAP 41(C)(2) as to unpublished opinions from another state. In addition, RAP 40(H) provides that "[n]on-final opinions, orders, or opinions and orders may not be cited as binding precedent in any court of this state and may not be cited without indicating the non-final status."

We agree with the Private Party Appellees that Richardson failed to comply with either rule in his citation of unpublished (and non-final) opinions. On page 8 of his brief, Richardson failed to provide a copy of the unpublished federal district court's opinion; on page 13, he cited to a Kentucky Court of Appeals opinion that was ordered depublished by the Supreme Court; on page 14, he cited to an unpublished, non-final opinion that was reversed by the Supreme Court; and on page 15, he cited to an unpublished Kentucky Court of Appeals opinion that was rendered before January 1, 2003. As these violate RAP 41, we shall ignore any citations to these opinions, and related argument, in our review.

We also agree with the Private Party Appellees that only the evidence presented to the Planning Commission is appropriate to consider. *See Smith v. O'Dea*, 939 S.W.2d 353, 356 (Ky. App. 1997) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743, 105 S. Ct. 1598, 1607, 84 L. Ed. 2d 643 (1985) ("The focal point for [this] judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.")). While there was some discussion about permitting additional evidence before the circuit court and a pending motion to amend the complaint by Richardson, the court effectively denied both when it entered the judgment. We shall not disturb that ruling.

Turning to the merits of Richardson's appeal, we shall first address the applicable standard of review. We agree with the Private Party Appellees that our review of land use decisions is based upon whether the decision was arbitrary. This standard is set forth in this Court's decision in *Hampson v. Boone County Planning Commission*, 460 S.W.3d 912 (Ky. App. 2014), a case in which this Court also reviewed the approval of a cellular antenna tower:

> Concerning judicial review of an administrative action, the court in *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n*, 379 S.W.2d 450 (Ky. 1964) held:
>
> > Basically, judicial review of administrative action is concerned with the question of arbitrariness . . . . The above three grounds of judicial review, (1) action in excess of granted powers, (2) lack of procedural due process, and (3) lack of substantial evidentiary support, effectually delineate its necessary and permissible scope . . . . In the final analysis all of these issues may be reduced to the ultimate question of whether the action taken by the administrative agency was arbitrary.
>
> *American Beauty Homes Corp*. at 456-57 (internal citations omitted). Recently, the Kentucky Supreme Court succinctly explained the parameters of whether a decision was arbitrary:
>
> > Judicial review of an agency decision is limited to the determination of whether the decision was arbitrary, i.e., whether the action was taken in excess of granted powers, whether affected parties were

-18-

afforded procedural due process, and
whether decisions were supported by
substantial evidence. Issues of law
involving an administrative agency decision
will be reviewed on a de novo basis.

*Louisville Metro Health Dep't v. Highview Manor Ass'n,*
*LLC*, 319 S.W.3d 380, 383 (Ky. 2010) (quoting
*Sebastian-Voor Properties, LLC v. Lexington-Fayette*
*Urban County Gov't*, 265 S.W.3d 190, 195 (Ky. 2008)).

*Hampson*, 460 S.W.3d at 916. And substantial evidence is defined as, "evidence

of substance and relevant consequence having the fitness to induce conviction in

the minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976

S.W.2d 409, 414 (Ky. 1998).

The regulation of cellular antenna towers is set forth in KRS 100.985

through KRS 100.987. KRS 100.987 permits a local government to plan for and

regulate the siting of cellular antenna towers. The statute provides for the filing of

an application to construct such a tower as well as the review process by the

Planning Commission. KRS 100.9865 sets forth the contents of a uniform

application, which includes various reports, the lease or sale agreement for the

property, a site development plan or survey, a map identifying every structure and

every owner of real estate within 500 feet of the proposed tower, a statement

regarding the consideration of likely effects the installation will have on nearby

land uses and values, and a statement of written notice.

For his first argument, Richardson contends that he was denied his due process rights in the administrative process for several reasons. The *Hampson* Court described due process rights:

> As to the Appellants' claims of a violation of due process we note that due process has two meanings in our jurisprudence:
>
> > (1) substantive due process, which is based on the idea that some rights are so fundamental that the government must have an exceedingly important reason to regulate them, if at all, such as the right to free speech or to vote; and (2) procedural due process, which requires the government to follow known and established procedures, and not to act arbitrarily or unfairly in regulating life, liberty or property.
>
> *Miller v. Johnson Controls, Inc.*, 296 S.W.3d 392, 397 (Ky. 2009).
>
> > Regarding procedural due process, it has oft been said, "[o]rdinarily, notice and an opportunity to be heard are the basic requirements of due process." *Storm v. Mullins*, 199 S.W.3d 156, 162 (Ky. 2006).

*Hampson*, 460 S.W.3d at 916-17. Richardson's due process arguments in this appeal address procedural due process. After careful review, we reject each argument and hold that Richardson was afforded sufficient procedural due process.

Richardson first argues that the public notice contained the wrong address for the proposed cellular tower site. As the Private Party Appellees point out, the Uniform Application contained the correct address for the proposed site on

-20-

Stamping Ground Road. The tower itself was named Lloyd Road after a road in the vicinity of the site. Richardson clearly had actual notice of the public notice as he appeared at the Planning Commission's review proceeding. We decline Richardson's request to revisit Judge Caperton's dissent in *Hampson*.

Second, Richardson argues he was denied due process when he was prevented from cross-examination. He relies upon the Supreme Court of Kentucky's opinion of *Kaelin v. City of Louisville*, 643 S.W.2d 590 (Ky. 1982), to argue that the Planning Commission should have held an adjudicatory, trial-type hearing. But as the Private Party Appellees argue, *Kaelin* addressed an appeal in a zoning map amendment case. Here, KRS 100.987(4)(a) only provides for a review of the Uniform Application, not a trial-type hearing.[7] In addition, the Planning Commission provided Richardson with the opportunity to speak and to conduct cross-examination at the public hearing when appropriate, although he did not take advantage of that opportunity in rebuttal as he was told he could do. And Richardson could not have cross-examined David Pike, an attorney representing Verizon, not a witness subject to cross-examination.

---

[7] "After an applicant's submission of the uniform application to construct a cellular antenna tower, the planning commission shall: (a) Review the uniform application in light of its agreement with the comprehensive plan and locally adopted zoning regulations[.]"

-21-

Third, Richardson contends that the Planning Commission's failure to make express findings of fact denied him his due process rights. KRS 100.987 does not require the Planning Commission to make findings of fact when an application is approved:

> (4) After an applicant's submission of the uniform application to construct a cellular antenna tower, the planning commission shall:
>
>> (a) Review the uniform application in light of its agreement with the comprehensive plan and locally adopted zoning regulations;
>>
>> (b) Make its final decision to approve or disapprove the uniform application; and
>>
>> (c) Advise the applicant in writing of its final decision within sixty (60) days commencing from the date that the uniform application is submitted to the planning commission or within a date certain specified in a written agreement between the local planning commission and the applicant. If the planning commission fails to issue a final decision within sixty (60) days and if there is no written agreement between the local planning commission and the applicant to a specific date for the planning commission to issue a decision, the uniform application shall be deemed approved.

The Planning Commission is only required to make written findings of fact if the application is denied, as set forth in KRS 100.987(5):

> If the planning commission disapproves of the proposed construction, it shall state the reasons for disapproval in its written decision and may make suggestions which, in its opinion, better accomplish the objectives of the comprehensive plan and the locally adopted zoning regulations. . . .

Because the Planning Commission granted Verizon's Uniform Application, the Planning Commission did not have to issue any findings of fact.

Accordingly, we reject Richardson's procedural due process arguments as they lack merit.

Next, Richardson argues that the circuit court erred when it stated that a public hearing is not required when a planning commission considers a cellular antenna tower application. In the September 3, 2021, order, the circuit court did not state that a public hearing was not required. Rather, it correctly stated that "not all land use proceedings pursuant to KRS Chapter 100 involve *full trial-type hearings*" and that the review of a cellular tower application did not "require the formal hearing that [Richardson argues he was] wrongfully deprived of[,]" citing to *Danville-Boyle County Planning & Zoning Commission v. Prall*, 840 S.W.2d 205, 208 (Ky. 1992) (stating that the review of a planning commission's approval of an amendment to a Development Plan for a Planned Unit Development was "less than a full type trial hearing"). Accordingly, we find no merit in this argument.

-23-

Next, Richardson argues that the circuit court erred in characterizing the Planning Commission's action as ministerial. We disagree that the circuit court mischaracterized this action as ministerial rather than discretionary, but, rather, it appropriately reviewed the Planning Commission's granting of the Uniform Application.

Next, Richardson contends that the circuit court erred in affirming the Uniform Application because it was deficient. He states, first, that Verizon did not strictly comply with KRS 100.987 and, second, that the circuit court's finding that the noncompliance was negligent was not supported by evidence. Specifically, Richardson argues that Verizon did not comply with KRS 100.987(2)(a) by including

> a grid map that shows the location of all existing cellular antenna towers and that indicates the general position of proposed construction sites for new cellular antenna towers within an area that includes:
>
> 1. All of the planning unit's jurisdiction; and
>
> 2. A one-half (1/2) mile area outside of the boundaries of the planning unit's jurisdiction, if that area contains either existing or proposed construction sites for cellular antenna towers[.]

Richardson claims that Verizon failed to include at least three sites for existing and/or proposed construction sites for new cellular antenna sites in its Uniform Application.

We agree with the Private Party Appellees that there is no merit in Richardson's argument because he failed to introduce evidence into the administrative record identifying these locations as possible alternative locations for the cellular tower at issue, that these locations were in Verizon's search area, or any information about when they would be constructed or whether they would meet the height requirement for Verizon to use. And he did not raise this argument before the Planning Commission, meaning that this argument is not preserved for our review.

In conclusion, we hold that Richardson has failed to establish that the Planning Commission's approval of Verizon's Uniform Application was arbitrary. The Planning Commission did not act in excess of its granted powers, Richardson was afforded procedural due process in that he received notice and was able to express his objections to the Planning Commission at the public hearing, and the Planning Commission's decision to grant the Uniform Application was supported by substantial evidence as presented in the Uniform Application and at the public hearing. *See Hampson*, 460 S.W.3d at 916. Therefore, we find no error in the Planning Commission's action or in the circuit court's decision to uphold the granting of the Uniform Application.

For the foregoing reasons, the judgment of the Scott Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANTS:

W. Henry Graddy, IV
Dorothy T. Rush
Versailles, Kentucky

BRIEF FOR APPELLEES SKYWAY
TOWERS, LLC; CELLCO
PARTNERSHIP, D/B/A VERIZON
WIRELESS; AND GENE L.
BUTCHER:

David A. Pike
F. Keith Brown
Shepherdsville, Kentucky

BRIEF FOR APPELLEES
GEORGETOWN-SCOTT COUNTY
PLANNING COMMISSION; MARK
SULSKI; JEFF CALDWELL;
BYRON MORAN; JOHN SHIRLEY;
ROB JONES; FRANK WISEMAN;
REGINA MIZELL; STEVE SMITH;
AND JANET HOLLAND:

Thomas R. Nienaber
Florence, Kentucky